# ORIGINAL

RECEIVED
AND FILED

2003 JUN 15  PM 3: 41

LANCE WILSON
CLERK
BY_____

1  Bradley L. Booke #2662
2  6000 S. Eastern Avenue #14A
   Las Vegas, Nevada 89119
3  (702) 947-7000
4  (702) 932-8025

5
   Edward P. Moriarity
6  J. Douglas McCalla
7  SPENCE, MORIARITY & SHOCKEY
   15 Jackson Street
8  Box 548
9  Jackson, Wyoming 83001
   (307) 733-7290
10 (307) 733-5248
11

12 Attorneys for Plaintiffs

13

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

16
17 DONALD HINTON, DAVID HINTON,
   and JOHN REYES,
18
19              Plaintiffs,
20        vs.
21
22 CLARK COUNTY, NEVADA, a political
   subdivision, acting by and through the
23 LAS VEGAS METROPOLITAN POLICE
   DEPARTMENT; JOHN DOES 1-30; and
24 ROE ENTITIES 1-10,
25
26              Defendants.

CV-S-03-0057-PMP-PAL

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

27     Plaintiffs, for their causes of action against Defendants, and each of them, allege

28 as follows:

-1-

## NATURE OF THE ACTION

This is an action brought pursuant to 42 USC §§ 1983 and 1988 for violations of Plaintiffs' federal and state constitutional and statutory civil rights, including without limitation the Second, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the corresponding provisions of the Constitution of the State of Nevada; for damages resulting from the violations of those rights; and for attorney's fees and costs incurred in prosecuting this action.  This action also asserts supplemental state law tort claims brought pursuant to 28 USC §1367(a).

## PARTIES

1.	Donald Hinton, David Hinton, and John Reyes are citizens of the United States and residents of Las Vegas, Nevada, and have been residents of Las Vegas, Nevada at all times described in this complaint.

2.	Defendant Clark County, Nevada is a political subdivision organized and existing under the laws of the State of Nevada that establishes and implements law enforcement policies and practices through the Las Vegas Metropolitan Police Department.  This defendant is referred to hereafter as "Metro" and has the capacity to sue and to be sued.

3.	Defendants John Does 1-30 are individuals whose true identities are presently unknown because those identities have been purposefully and deliberately concealed by Defendant Metro and/or others, who have secreted and/or destroyed and removed from public access all of the public records that evidence and describe the events that form the basis for this action.  Defendants Does 1-30 are police officers and other employees of Defendant Metro and/or Clark County, Nevada, and/or Defendant Roe Entities 1-10, who directed and/or participated in obtaining a search warrant for and executing the unlawful search and seizure that is described below; in unlawfully arresting and detaining the Plaintiffs as described below; in unlawfully destroying the real and personal property at the residence of Donald Hinton as described below; in seizing and converting the personal property of Plaintiffs as described below; and in

concealing and covering up the facts of the events that form the basis for this action. Each and all of these Defendants Doe 1-30 were employed by Defendant Metro or by some other agency of Clark County, Nevada and/or another governmental agency or entity, and were acting under color of law and within the scope of their employment in the course and at the time of the events described in this complaint.

4.     Defendant Roe Entities 1-10 are federal, state or local governmental agencies, other than Defendant Metro, whose true identities are presently unknown, also because those identities have been purposefully and deliberately concealed by virtue of the destruction and/or removal from public access all of the public records that evidence and describe the events that form the basis for this action.  Defendants Roe Entities 1-10 employed and/or supervised and/or directed some or all of the Defendants Doe 1-30 in the events described in this complaint.  Defendant Roe Entities 1-10 were acting under color of law at the time of the events described in this complaint.

## JURISDICTION AND VENUE

5.     Jurisdiction lies in the United States District Court pursuant to 28 USC § 1331 because this action arises under 42 USC §§ 1983 and 1988, and under the Constitution and laws of the United States.  This Court has jurisdiction over Defendant Metro, Defendants Doe 1-30, and Defendants Roe Entities 1-10 pursuant to 28 USC § 1343.  This Court has jurisdiction of the supplemental state law claims under 28 USC § 1367(a) because all claims arise out of the same transactions and occurrences, and derive from a common nucleus of operative facts, as do the federal law claims.  This complaint is timely filed within the applicable statute of limitations.

6.     Venue properly lies in the United States District Court for the District of Nevada because all of the acts and omissions complained of occurred within the District of Nevada, and one or more of the defendants reside within the District of Nevada.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.     Plaintiffs reallege the allegations set forth in paragraphs 1-6 above the same as if set forth herein in full.

8.       On January 6, 2001, unbeknownst to Plaintiffs and known only to Defendants, Defendants, personally or through their agents and representatives, obtained a search warrant to search a home at 1919 Hallwood Drive, Las Vegas, Nevada. The home was owned by Donald Hinton. Donald Hinton and his son, David Hinton, lived in the home. John Reyes was a friend of David Hinton, and sometimes stayed in the home.

9.       The search warrant permitted a search of the home for methamphetamine, paraphernalia associated with the ingestion and distribution of methamphetamine, and items that would prove possession of methamphetamine.

10.      On the evening of January 16, 2002 – more than one year after the search warrant was issued – Donald Hinton was in the kitchen of his home at 1919 Hallwood, baking chocolate chip cookies. David Hinton, John Reyes, and a female friend of John Reyes were in the home. At about 11:30 PM, Donald Hinton heard an explosion outside his house. Mr. Hinton went to the front door, opened the inner door, and looked out through the metal security door to see what had caused the explosion. At that point, another explosion went off.

11.      From his position inside the security door, Donald Hinton shouted to his son, David, to get down. At that point, Donald Hinton saw approximately eight men, armed with rifles and wearing black hooded masks and combat fatigues, at the front of his house. He shouted to the men, asking them to identify themselves.

12.      The hooded men did not identify themselves and, instead, fired shotgun blasts at Donald Hinton. Two of the rounds struck the metal security door where Donald Hinton was standing.

13.      Immediately thereafter, using their weapons and battering rams, and without identifying themselves, the armed men broke through the door to Donald Hinton's home, ordered Donald and David Hinton, John Reyes, and Mr. Reyes' female friend to the floor, then handcuffed all of them. Shortly thereafter, the armed men pulled Donald Hinton, David Hinton, John Reyes, and Mr. Reyes' female friend to their

feet, marched them out of the house, and ordered them to sit on the ground in the front yard of a neighboring house.  The outside temperature at that time – approximately midnight on January 16, 2002 – was in the 40s.  Donald Hinton, David Hinton, John Reyes and his friend were forced to sit handcuffed on the ground, without jackets or warm clothing, for approximately an hour.  At no time did any of the armed men explain who they were or what they were doing, nor did they produce a search warrant.

14.     While the Hintons, Mr. Reyes and his friend were outside on the ground, the armed men used their battering rams and broke holes in the walls and ceiling of Mr. Hinton's home, pulled out and emptied drawers, turned over and sliced furniture, and generally ransacked Donald Hinton's home and belongings, causing very substantial damage to Mr. Hinton's home and to the personal property of the parties.  This went on for about fifteen minutes.  At no time during this ransacking did the armed men identify themselves or their purpose, nor did they present a search warrant or any other justification for their conduct.

15.     Thereafter, Donald and David Hinton and John Reyes were arrested and taken by Defendants to the Clark County Detention Center, where they were booked on charges related to possession of firearms and possession of marijuana.

16.     After being held for nearly twenty-four hours in jail, Donald and David Hinton and John Reyes were bonded out and released.  At the time of their release, they were given paperwork requiring them to make an initial appearance in the Justice Court of Las Vegas Township on February 19, 2002, to answer the charges against them.  By the time of their release, none of the men had been informed what had been the purpose or object of the search and ransacking of Mr. Hinton's home.

17.     Upon arriving back at home, Donald Hinton found a copy of a search warrant and return inside his house.  The return on the search warrant indicated that none of the items sought by the search warrant -- methamphetamine, paraphernalia associated with the ingestion and distribution of methamphetamine, or items that

would prove possession of methamphetamine – had been found or seized. In addition, upon returning home, Mr. Hinton discovered that several firearms that were family heirlooms had been seized during the raid.

18.     On February 19, 2002, Donald and David Hinton and John Reyes went to the Justice Court, at the scheduled time, to make their initial appearances. When the men checked in with the bailiff at the Justice Court, they were told that they could not appear in front of the judge, that they should leave the Court, and that the Court would be in touch with them. Donald Hinton responded by telling the bailiff that they had been ordered to appear on the date and time for which they were present, and insisted that the men should have an opportunity to appear before the Court. The bailiff continued to refuse to let the men appear before the Court and ordered the men to leave. They complied, and left the courthouse.

19.     Since the time that Donald and David Hinton and John Reyes left the courthouse on February 19, 2002, they have not been contacted by the Justice Court, by Metro, by the District Attorney, or by anyone, concerning the criminal charges filed against them or concerning any aspect of the events of January 16, 2002. On information and belief, Plaintiffs allege that the criminal charges filed in connection with the raid of January 16, 2002, have been dismissed, although Plaintiffs have never received notice of that dismissal. The firearms seized in the raid have never been returned.

20.     On January 7, 2003, Donald Hinton went to the offices of Defendant Metro and made a written and oral request for copies of all records related to the events of January 16, 2002, and all records relating to the arrests of Donald and David Hinton and John Reyes made on January 16, 2002. After searching for such records, a representative of Defendant Metro informed Donald Hinton there is no arrest report for the arrests made on January 16, 2002, and no other record of the search, seizure, or ransacking that occurred at 1919 Hallwood on January 16, 2002.

. . . . .

**FIRST CLAIM FOR RELIEF: VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS – 42 USC § 1983**

21.     Plaintiffs incorporate by this reference the allegations contained in paragraphs 1-20 above the same as if set forth herein in full.

22.     At all times relevant hereto, Donald Hinton, David Hinton and John Reyes were citizens of the United States and were, therefore, entitled to the rights, privileges, and immunities secured by the Constitution and laws of the United States.

23.     By their conduct as described above, Defendants and each of them, acting individually and in concert, and with deliberate indifference, deprived Donald Hinton, David Hinton, and John Reyes of the protections of the Second, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in many ways, including without limitation the following:

        A.     The Fourth Amendment to the United States Constitution provides that citizens have a constitutional right to be free from unreasonable searches and seizures.  Defendants herein made false representations to obtain the search warrant that was issued on January 6, 2001; therefore, the search warrant was not based on probable cause and was unlawfully obtained.  The search warrant was not executed until January 16, 2002; therefore, any information upon which the warrant was obtained was stale even if it had been accurate.  Accordingly, there was no probable cause to conduct the search that was conducted, and the search and seizure conduct pursuant to the stale search warrant was an unlawful and unreasonable search.  At the time the warrant was executed, the methods utilized in conducting the search exceeded the scope of the warrant and all bounds of reasonable police conduct, rendering the search unlawful.

        B.     The Fifth Amendment to the United States Constitution provides that citizens shall not be deprived of liberty or property without due process of law. Defendants herein took Donald Hinton, David Hinton and John Reyes into custody without due process of law, and without probable cause or other legal justification for

doing so, and deprived them of their liberty for a significant period of time. Defendants destroyed and/or badly damaged substantial portions of the home owned by Donald Hinton, and destroyed and/or badly damaged substantial amounts of personal property owned by Donald and David Hinton and John Reyes, all without due process of law and without legal justification for doing so. Defendants seized valuable items of personal property belonging to Donald and David Hinton without due process of law and without legal justification for doing so, and have kept and maintained possession of that property and have never returned that property to Donald and David Hinton. Although Plaintiffs had a specific scheduled hearing at which they could appear before the Courts of the state of Nevada and seek to avail themselves of and to exercise their rights to due process of law, Defendants prevented Plaintiffs from appearing at that hearing and thereby further deprived Plaintiffs of their rights to due process of law.

C. The Sixth Amendment to the United States Constitution provides that citizens shall have a right to effective assistance of counsel in legal matters that affect their substantial rights. Implicit in that right to counsel is the right of citizens to have a full and fair opportunity to obtain and review all of the evidence that may bear on proceedings affecting their legal rights. Defendants herein have purposefully and deliberately secreted and/or destroyed all records that describe and memorialize the events of January 16, 2002. In so doing, Defendants have prevented Plaintiffs from obtaining and reviewing evidence that is critical to defending themselves in any criminal action, and from obtaining and reviewing evidence that is critical to enabling Plaintiffs to vindicate the constitutional rights violated by Defendants' conduct. By virtue of this conduct, Defendants have prevented Plaintiffs and their counsel from gathering relevant and admissible evidence and therefore, have deprived Plaintiffs of their right to effective assistance of counsel.

D. The Second Amendment to the United States Constitution provides that citizens shall have the right to bear arms. Defendants have seized firearms belonging to Donald and David Hinton, have never returned those firearms, and have

-8-

converted those firearms to their own use.  In so doing, Defendants have deprived Plaintiffs of their constitutional right to bear arms.

24.    As the direct and proximate result of the acts and omissions of Defendants, and each of them, Donald and David Hinton and John Reyes suffered deprivations of their constitutional rights and are entitled to reasonable amounts as and for special and compensatory damages.

25.    Plaintiffs have been required to retain the services of counsel to prosecute this action to vindicate their constitutional rights, therefore, Plaintiffs are entitled to a reasonable amount as and for attorney's fees and costs of litigation pursuant to 42 USC § 1988.

## SECOND CLAIM FOR RELIEF:

## VIOLATIONS OF STATE CONSTITUTIONAL RIGHTS

## 28 USC § 1367(a)

26.    Plaintiffs incorporate by this reference the allegations contained in paragraphs 1-20 above the same as if set forth herein in full.

27.    At all times relevant hereto, Donald Hinton, David Hinton and John Reyes were citizens of the State of Nevada and were, therefore, entitled to the rights, privileges, and immunities secured by the Constitution and laws of the State of Nevada.

28.    By their conduct as described above, Defendants and each of them, acting individually and in concert, and with deliberate indifference, deprived Donald Hinton, David Hinton, and John Reyes of the protections of the Nevada Constitution in many ways, including without limitation the following:

A.    Article 1 § 18 of the Nevada Constitution guarantees to citizens the right be secure in their persons, houses, papers and effects against unreasonable seizures and searches; and provides that no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized.  Defendants herein made false representations to obtain the search warrant that was issued on

January 6, 2001, therefore, the search warrant was not based on probable cause and was unlawfully obtained. The search warrant was not executed until January 16, 2002; therefore, any information upon which the warrant was obtained was stale even if it had been accurate. Accordingly, there was no probable cause to conduct the search that was conducted, and the search and seizure conduct pursuant to the stale search warrant was an unlawful and unreasonable search. At the time the warrant was executed, the methods utilized in conducting the search exceeded the scope of the warrant and all bounds of reasonable police conduct, rendering the search unlawful.

B.      Article 1 §§ 1 and 8 of the Nevada Constitution provide that citizens have the right to enjoy and defend life and liberty; to acquire, possess, and protect property; to pursue and obtain safety and happiness; and to be free of deprivations of liberty and property without due process of law. Defendants herein took Donald Hinton, David Hinton and John Reyes into custody without due process of law, and without probable cause or other legal justification for doing so, and deprived them of their liberty for a significant period of time. Defendants destroyed and/or badly damaged substantial portions of the home owned by Donald Hinton, and destroyed and/or badly damaged substantial amounts of personal property owned by Donald and David Hinton and John Reyes, all without due process of law and without legal justification for doing so. Defendants seized valuable items of personal property belonging to Donald and David Hinton without due process of law and without legal justification for doing so, and have kept and maintained possession of that property and have never returned that property to Donald and David Hinton. Although Plaintiffs had a specific scheduled hearing at which they could appear before the Courts of the state of Nevada and seek to avail themselves of and to exercise their rights to due process of law, Defendants prevented Plaintiffs from appearing at that hearing and thereby deprived Plaintiffs of their rights to due process of law.

C.      Article 1 § 11 of the Nevada Constitution provides that every citizen has the right to keep and bear arms for security and defense, for lawful hunting

and recreational use and for other lawful purposes.  Defendants have seized firearms belonging to Donald and David Hinton, have never returned those firearms, and have converted those firearms to their own use.  In so doing, Defendants have deprived Plaintiffs of their constitutional right to bear arms for lawful purposes.

29.     As the direct and proximate result of the acts and omissions of Defendants, and each of them, Donald and David Hinton and John Reyes suffered deprivations of their constitutional rights and are entitled to reasonable amounts as and for special and compensatory damages.

30.     Plaintiffs have been required to retain the services of counsel to prosecute this action to vindicate their constitutional rights, therefore, Plaintiffs are entitled to a reasonable amount as and for attorney's fees and costs of litigation pursuant to NRS § 18.005, et seq.

## THIRD CLAIM FOR RELIEF:  FALSE IMPRISONMENT UNDER STATE LAW
## 28 USC § 1367(a)

31.     Plaintiffs incorporate by this reference the allegations contained in paragraphs 1-20 above the same as if set forth herein in full.

32.     By their acts and omissions as set forth above, Defendants, and each of them caused Donald Hinton, David Hinton and John Reyes to be detained and confined, resulting in the loss of Plaintiffs' personal liberty.

33.     Defendants' detention and confinement of Plaintiffs occurred without sufficient legal authority.

34.     As the direct and proximate result of the acts and omissions of Defendants, and each of them, Donald and David Hinton and John Reyes suffered special and general damages and are entitled to reasonable amounts as and for special and compensatory damages.

35.     Plaintiffs have been required to retain the services of counsel to prosecute this action to vindicate their constitutional rights, therefore, Plaintiffs are entitled to a

reasonable amount as and for attorney's fees and costs of litigation pursuant to NRS §
18.005, et seq.

## FOURTH CLAIM FOR RELIEF: BATTERY UNDER STATE LAW

### 28 USC § 1367(a)

36.    Plaintiffs incorporate by this reference the allegations contained in
paragraphs 1-20 above the same as if set forth herein in full.

37.    By their acts as described above, Defendants, and each of them, made
unwanted physical contact with Donald Hinton, David Hinton and John Reyes.

38.    Defendants' physical contact with Plaintiffs occurred without Plaintiffs'
permission or authority, and without legal privilege or justification, therefore, the
physical contact constitutes battery.

39.    Plaintiffs sustained general damages as the direct and proximate result of
the battery committed by Defendants, therefore, Plaintiffs are entitled to reasonable
amounts as and for compensatory damages.

40.    Plaintiffs have been forced to retain the services of counsel to prosecute
this action, therefore, Plaintiffs are entitled to an award of reasonable attorney's fees
and costs pursuant to NRS § 18.005, et seq.

## FIFTH CLAIM FOR RELIEF: TRESPASS UNDER STATE LAW

### 28 USC § 1367(a)

41.    Plaintiffs incorporate by this reference the allegations contained in
paragraphs 1-20 above the same as if set forth herein in full.

42.    By their acts as described above, Defendants, and each other them,
entered upon Donald Hinton's real property, without the permission or authority of
Donald Hinton or any other person authorized to give permission for such entry.

43.    By their acts as described above, Defendants, and each other them, seized
and took possession of personal property of Plaintiffs, without the permission or
authority of Plaintiffs or any other person authorized to give permission for the taking.

44.     Defendants' entry upon Donald Hinton's land and taking of the parties' chattels occurred without permission or authority, and without legal privilege or justification, therefore, the entry and taking constitute trespass to land and trespass to chattels.

45.     Plaintiffs sustained general damages as the direct and proximate result of the battery committed by Defendants, therefore, Plaintiffs are entitled to reasonable amounts as and for compensatory damages.

46.     Plaintiffs have been forced to retain the services of counsel to prosecute this action, therefore, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to NRS § 18.005, et seq.

### SIXTH CLAIM FOR RELIEF:  CONVERSION UNDER STATE LAW

47.     Plaintiffs incorporate by this reference the allegations contained in paragraphs 1-20 above the same as if set forth herein in full.

48.     By their conduct as described above, Defendants, and each of them, seized and took possession and control of Plaintiffs' personal property without Plaintiffs' permission or authority.

49.     Defendants have not returned to Plaintiffs those items of Plaintiffs' personal property that were seized and taken by Defendants, and Defendants have appropriated Plaintiffs' personal property to Defendants' own uses.

50.     The seizure, taking, and failure to return items of Plaintiffs' personal property is without legal privilege or justification, therefore, the taking constitutes conversion of Plaintiffs' personal property.

51.     Plaintiffs sustained general damages as the direct and proximate result of the conversion of Plaintiffs' personal property, therefore, Plaintiffs are entitled to reasonable amounts as and for compensatory damages.

52.     Plaintiffs have been forced to retain the services of counsel to prosecute this action, therefore, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to NRS § 18.005, et seq.

1    **WHEREFORE,** Plaintiffs respectfully pray that the Court enter its orders as

2    follows:

3        A.    Granting judgment in favor of Plaintiffs and against Defendants on

4    such claims and in such amounts as Plaintiffs shall prove themselves entitled at the jury

5    trial of this case;

6        B.    Awarding Plaintiffs their reasonable attorney's fees and costs

7    incurred in this litigation pursuant to 42 USC §§ 1983 and 1988 and NRS § 18.005, et

8    seq.;

9        C.    Awarding Plaintiffs prejudgment interest pursuant to NRS §

10   17.130;

11       D.    Awarding such other and further relief as the Court deems proper

12   under the circumstances.

13

14       Dated this 15th day of January, 2003.

15

16

17   Bradley L. Booke #2662
     6000 S. Eastern Avenue #14A
18
     Las Vegas, NV  89119
19   702-947-7000
     702-932-8025 Fax
20

21
     Edward P. Moriarity
22   J. Douglas McCalla
     SPENCE, MORIARITY & SHOCKEY
23
     15 Jackson Street
24   Box 548
     Jackson, Wyoming 83001
25
     (307) 733-7290
26   (307) 733-5248
27

28       Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiffs, through counsel, hereby demand a trial by jury of all issues so triable herein.

Dated this 15th day of January, 2003.

Bradley L. Booke #2662
6000 S. Eastern Avenue #14A
Las Vegas, NV 89119
702-947-7000
702-932-8025 Fax

Edward P. Moriarity
J. Douglas McCalla
SPENCE, MORIARITY & SHOCKEY
15 Jackson Street
Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248

Attorneys for Plaintiffs

-15-