**Marquis & Aurbach**
Albert G. Marquis, Esq.
Nevada State Bar No. 1919
Craig R. Anderson, Esq.
Nevada State Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711
Attorneys for Defendants

FILED ___RECEIVED
___ENTERED ___SERVED ON
COUNSEL/PARTIES OF RECORD

2003 APR -8 A 10: 48

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD HINTON, DAVID HINTON and JOHN REYES,<br><br>Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY, NEVADA, a political subdivision, acting by and through the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOHN DOES 1-30 and ROE ENTITIES 1-10,<br><br>Defendants. | Case No.   CV-S-03-0057-PMP-PAL |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, Las Vegas Metropolitan Police Department ("LVMPD") and Clark County, Nevada, by and through their attorneys of record, Marquis & Aurbach, hereby answer and allege as follows:

1. In answering paragraphs 1, 3, 4, 5, 6, 7, 18, 19, 21, 22, 26, 27, 31, 36, 41, and 47, the Answering Defendants are without sufficient knowledge to form an opinion as to the truth of the allegations contained therein, and therefore deny the same.

2. In answering paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 23, 24, 25, 28, 29, 30, 32, 33, 34, 35, 37, 38, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 51, and 52, the Answering Defendants deny the allegations contained therein.

M&A:208173.1 05166-104 04703 11:53:17

3.   In answering paragraph 3, the Answering Defendants admit the allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' suit fails to state a claim for relief as they failed to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' suit fails to state a claim for relief as there was adequate administrative and state remedy which Plaintiffs could have pursued.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants did not enact or promulgate any policy, statute, ordinance or custom, policy or procedure which denied or abridged any of the Plaintiffs' constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

The damage sustained by the Plaintiffs, if any, was caused by the acts of third persons who were not agents, servants, or employees of the answering Defendants, and who were not acting on behalf of the Answering Defendants in any manner or form, and, as such, the Defendants are not liable in any manner to the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

The complained of acts of the Answering Defendants were justified and privileged under the circumstances.

### SIXTH AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiffs' Complaint, the answering Defendants acted in good faith belief that their actions were legally justifiable.

### SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendants are qualifiedly immune from the actions alleged against them in Plaintiffs' Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

That Nevada Revised Statutes Chapter 41 limits the damages that may be collectible against

1 a political subdivision of the State of Nevada to FIFTY THOUSAND DOLLARS ($50,000).

## NINTH AFFIRMATIVE DEFENSE

The Answering Defendants are not subject to suit upon which the facts and conclusions as stated in Plaintiffs' Complaint by reason of their sovereign immunity as a political subdivision of the State of Nevada, and more particularly by reason of the provisions of NRS 41.031, 41.032, and 41.033.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint concerns a discretionary function of the Answering Defendants for which the Answering Defendants are immune.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims of constitutional violation is unsupported in both fact and law, as Plaintiffs have not alleged sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' causes of actions against Answering Defendants sound in negligence, no recovery can be predicated upon 42 USCA §1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Plaintiffs were the result of their own negligence and/or actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Tenth Amendment to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive or exemplary damages because Plaintiffs have failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud. Plaintiffs are not entitled to recover punitive or exemplary damages herein under any of the claims of relief alleged as none of the Defendants' supervisors, directors or managing agents committed the alleged

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
702-382-0711   FAX: 382-5816

malicious, fraudulent or oppressive acts, authorized to ratify such wrongful conduct or had advanced knowledge of the unfitness of any employee(s) who allegedly committed the acts and did not employ such person(s) with conscience disregard for the higher safety of others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims, and each of them are barred by Plaintiffs' failure to plead those claims with particularity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant LVMPD has not been negligent and has not breached its duty to properly supervise the conduct of its employees with whom Plaintiffs interacted.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend these Affirmative Defenses as discovery unfolds and new information is discovered.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by virtue of their complaint on file herein, that the same be dismissed with prejudice;

2. For an award of reasonable attorneys fees and costs of suit incurred in the defense of this action; and

3. For such other and further relief as this Court may deem just and proper in the premises.

MARQUIS & AURBACH

By: _____
Craig R. Anderson, Esq.
Nevada State Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145

**CERTIFICATE OF MAILING**

I hereby certify that on the ____ day of April, 2003, I served a copy of the foregoing **ANSWER** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

> Bradley Booke, Esq.
> 6000 S. Eastern Ave., #14A
> Las Vegas, Nevada 89119
>
> Edward Moriarity, Esq.
> 15 Jackson Street
> Box 548
> Jackson, Wyoming 83001

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

_____
an employee of Marquis & Aurbach

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
702-382-0711   FAX: 382-5816

M&A:208173.1 05166-104 04703 11:53:17